329 So.2d 561

**John C. STACK and Peggy Stack**

v.

**The HANOVER INSURANCE COMPANY, a corporation.**

**Civ. 703.**

Court of Civil Appeals of Alabama.

March 24, 1976.

Dunn, Porterfield, Scholl & Clark, and Larry W. Harper, Birmingham, for appellee.

Cassady & Fuller, and M. Dale Marsh, Enterprise, for appellants.

WRIGHT, Presiding Judge.

Plaintiffs ·appeal from a judgment for defendant after suit upon a home owners insurance policy.

The home of plaintiffs in Enterprise was entered by a large female deer. The deer gained entry by crashing through sliding glass doors in the den. It exited by crashing through a bedroom window. The aftermath was extensive damage to door, window, furniture, carpet and drapes.

Plaintiffs claimed loss to the insured property under the vandalism provision of their policy with defendant which read as follows:

"9. Vandalism or Malicious Mischief, meaning only the wilful and malicious damage to or destruction of the property covered. . . ."

The court, upon motion by defendant, directed a verdict in favor of defendant. Motion for new trial was overruled.

The ruling of the trial court on each motion is charged as error. We affirm.

Though citing no case in which destruction of insured property by the independent act of an animal has been considered in relation to vandalism as defined in an insurance policy, counsel for plaintiffs has presented some unique and interesting arguments to the court. However, we cannot accept counsel's contentions in view of the plain and unambiguous words of the policy.

It was pointed out in the case of *Great American Ins. Co. v. Dedmon*, 260 Ala. 330, 70 So.2d 421, that the word vandalism is derived from the Vandals, a Germanic people who in the 4th and 5th centuries overran much of Europe and Africa, willfully and purposely destroying many objects of art and literature. Webster's Third New International Dictionary defines vandalism as the "willful or malicious destruction or defacement of things of beauty or of public or private property."

■ There is no question but that the popular meaning of vandalism is the intentional and malicious destruction of property. Such act requires a human mind capable of forming the requisite intent of committing a wrongful act, resulting in senseless destruction or damage to property either public or private. *Unkelsbee v. Homestead Fire Ins. Co. of Baltimore*, 41 A.2d 168 (D.C.Mun.App.); *Great American Ins. Co. v. Dedmon, supra.*

■ An animal, such as a deer, to the human mind, and in law, is incapable of forming an intent to commit a wrongful act or to act maliciously. An animal, non-human, acts or reacts instinctively without knowledge of right or wrong as defined by man.

■ In the popular connotation of vandalism it is clear that the destruction of plaintiffs' property by the independent action of the deer in this case does not fall within the terms of the policy of insurance. An insurance policy without ambiguity in its terms must be enforced as written. *Southern Guaranty Ins. Co. v. Wales*, 283 Ala. 493, 218 So.2d 822.

AFFIRMED.

BRADLEY and HOLMES, JJ., concur.